**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| KENNETH J. WILLIAMS, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 08-5897 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, | : | |
| DEPARTMENT OF TREASURY et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**BROWN, Chief District Judge**

This matter comes before the Court upon the following two motions: (1) the motion to dismiss the complaint with prejudice of Defendants the State of New Jersey Department of Treasury, R. David Rousseau in his official capacity as State Treasurer, the Division of Pensions and Benefits, and Frederick J. Beaver in his official capacity as Director of the Division of Pensions and Benefits (collectively the "Defendants") [Docket # 6]; (2) the motion for summary judgment of Plaintiff Kenneth J. Williams, Sr. ("Williams") [# 8]. Each party opposes the other's motion. The Court has considered the parties' submissions and decided these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' motion and dismiss Mr. Williams' complaint with prejudice. In light of that decision, Mr. Williams' motion for summary judgment is moot and will be denied.

## I.     BACKGROUND

Plaintiff Kenneth J. Williams, Sr. worked for the New Jersey Division of Building and

Construction (the "Division") for two and one half years.  (Compl. at ¶ 14.) [#1]  In his *pro se* complaint filed on December 3, 2008, Mr. Williams alleges that during his employment with the Division, he was improperly classified as a "temporary" employee. (Compl. at ¶ 9.) [#1]  As a result of this improper classification, Mr. Williams asserts that he was not "entitled" to participate in benefit programs offered by the State of New Jersey to its "permanent" employees.  (Compl. ¶¶ 7-26.) [#1]  In sum, Mr. Williams seeks those benefits that allegedly would have accrued during the two and one half years he was erroneously classified as a "temporary" employee of the Division. (Compl. ¶ 31.) [#1]  Mr. Williams has moved for summary judgment on his claims [# 8].

Defendants have moved to dismiss all of Mr. Williams' claims with prejudice [# 6]. Defendants assert that Mr. Williams' claims should be dismissed on the following two grounds: (1) Mr. Williams' complaint states no claim upon which relief can be granted; (2) the claims made by Mr. Williams in his complaint are barred by the Eleventh Amendment to the United States Constitution.  (Defs.' Mot. Br.) [# 6].  The Court agrees that Defendants are entitled to Eleventh Amendment immunity against all of Mr. Williams' claims.  In light of that conclusion, the Court will grant Defendants' motion to dismiss Mr. Williams' complaint with prejudice, and will deny Mr. Willams' motion for summary judgment as moot.

## II.    DISCUSSION

### A.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (citing *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to relief sought.  *Id.* at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  *Id.* at 1965.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).

Further, since Mr. Williams is a *pro se* litigant, the Court must apply a more liberal standard of review to his claims.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

### B.  Defendants Are Entitled to Eleventh Amendment Immunity

Applying the legal standards noted above to the facts of this case, it is apparent that Defendants are entitled to the immunity provided by the Eleventh Amendment of the United States Constitution against all of the claims in Mr. Williams' *pro se* complaint.  As such, Mr. Williams'

claims and the relief he seeks are barred and must be dismissed with prejudice.

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose liability, to be paid from public funds in a state treasury, is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663, (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of whether the relief sought is monetary or injunctive. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100,(1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

In this case, it is beyond dispute that each of the defendants named in Mr. Williams' complaint are either New Jersey state agencies, or are New Jersey state officers that Mr. Williams has sued in their official capacities. Further, Mr. Williams seeks damages that would necessarily be paid from the New Jersey State Treasury. Finally, none of the Defendants have waived their immunity and consented to this lawsuit. As such, all of the claims in Mr. Williams' complaint are barred by the Eleventh Amendment to the United States Constitution, and Defendants' motion to dismiss Mr. Williams' complaint in its entirety with prejudice will be granted. In light of this conclusion, Mr. Williams' motion for summary judgment is moot and will be denied.

III.   CONCLUSION

4

For the foregoing reasons, Defendants' motion to dismiss Mr. Williams' complaint with prejudice will be GRANTED. In light of that decision, Mr. Williams' motion for summary judgment will be DENIED. An appropriate form of order accompanies this memorandum opinion.

Dated: April 2, 2009

_____/s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.
